USCA1 Opinion

 

 United States Court of Appeals For the First Circuit
No. 98-1042 UNITED STATES, Appellee, v. RALPH ARTHUR GOODRIDGE, Defendant, Appellant. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, Senior U.S. District Judge] Before Boudin, Circuit Judge, Gibson, Senior Circuit Judge,
and Lynch, Circuit Judge. Stephen Paul Maidman for appellant. William M. Welch, II, with whom Donald K. Stern, United States
Attorney, was on brief for appellee.
January 7, 1999 BOUDIN, Circuit Judge. Ralph Goodridge was tried in June
1997 for the robbery of a bank in West Springfield, Massachusetts,
in violation of 18 U.S.C. 2113(a). Goodridge was also charged
with using and carrying a firearm during a crime of violence, id. 924(c), and with being a felon in possession of a firearm, id. 922(g). On June 23, 1997, the jury found Goodridge guilty on all
counts. After sentencing, Goodridge filed the present appeal,
claiming that the district court committed plain error in allowing
certain statements by government counsel during closing arguments
to which Goodridge made no objection at the time. The robbery was committed by two masked men, so no one
inside the bank could identify the robbers conclusively. However,
Goodridge was seen outside the bank, and a good deal of
circumstantial evidence connected Goodridge to the crime. While
the evidence was ample to permit a jury to find him guilty beyond
a reasonable doubt, it was perhaps not so certain that a serious
trial error would have been patently harmless. At the start of his closing argument, the prosecutor
stated: "Ralph Goodridge is a bank robber. It is who he is. It
is what he does." The same statement was repeated part way through
the government's closing argument. In neither instance was any
objection taken at the time. Defense counsel argued after trial,
and asserts again on this appeal, that the government's comments
wrongly insinuated to the jury that Goodridge had committed earlier
bank robberies, and that the jury may have convicted in part based
on the belief that someone who had committed prior bank robberies
was more likely to have committed this one. It would have been improper for the government to imply
that it had private knowledge of other bank robberies committed by
Goodridge. But the government says that the statement was intended
to make a different, legitimate argument. One of the main themes
in Goodridge's defense relied upon evidence that he had been
unmarked later in the day of the robbery by red dye or tear gas
which had been detonated in a concealed package when the robbers
were transporting currency stolen from the bank. Cf. United Statesv. Brien, 59 F.3d 274, 275 (1st Cir. 1995). In response, the government says that the evidence
permitted the jury to infer, from other aspects of the robbery,
that the robbers were experienced in such crimes (e.g., they used
a radio scanner pre-programmed to police frequencies). On this
premise, the government argues, and we agree, the government could
fairly invite the jury to consider that the robbers might likewise
have known about exploding dye packs and have known how to take
some precaution--here, wrapping the currency in a pillowcase--to
avoid being splattered if and when such a device detonated. If the prosecutor had put the matter solely in those
terms, no objection could have been made. The difficulty arises
because the two challenged statements made by the prosecutor could
be understood in this way, or as suggesting government knowledge of
prior bank robberies by Goodridge, or both. If the government had
deliberately intended the jury to draw the second inference, this
would weigh heavily in favor of reversal. See United States v.
Taylor, 54 F.3d 967, 977 (1st Cir. 1995). But while the statements
in question were likely thought out in advance, we cannot conclude
that the prosecutor was deliberately attempting to convey the
impermissible inference. Further, the threat of unfair prejudice is fairly weak. True, the remarks invited the jury to conceive of Goodridge as an
experienced bank robber. But that was a permissible inference--
based on the evidence in this case--so long as the jury did not
also conclude that the government was asserting private knowledge
of prior bank robberies. And any implication in the closing
argument that the government did have such knowledge is vague and
inexplicit. We conclude that the statements themselves did not
constitute plain error requiring the judge to halt and correct them
sua sponte. The lack of objection, where objection is easily made
and is likely to avoid retrial, is a high barrier. See United
States v. Nunez, 146 F.3d 36, 39 (1st Cir. 1998). Goodridge has
not scaled it. Affirmed.